UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | 07-MJ-093A |
| | ) | |
| TIMOTHY FALCON | ) | |

OBJECTION TO GOVERNMENT'S MOTION TO QUASH SUBPOENA

The government has moved to quash Mr. Falcon's subpoena of his property from the Drug Enforcement Administration. The government fails to present a valid reason to quash.

The government's main argument appears to be that the subpoena is "unreasonable and oppressive." At the same time the government ignores the fact that this property was seized illegally from Mr. Falcon's home (a per se unreasonable government action from the beginning; see, e.g., *Katz v. United States*, 389 U.S. 347, 357 (1967)). Under the present circumstances, the subpoena is neither unreasonable nor oppressive.

The government, in the form of the US Attorney, also lacks standing to move to quash the subpoena in these circumstances. While the DEA is part of the Department of Justice, like the US Attorney, and thus the government, the DEA is a separate party in this matter from the government prosecution. Ms. Beckner, as the prosecutor in this case has an inherent conflict of interest with the DEA. The US Attorney cannot simultaneously defend the DEA agents' illegal acts and the DEA's continued illegal possession of this property at the same time it is prosecuting Mr. Falcon. It seems likely that the US Attorney would be obligated to investigate any agent's illegal actions, including the agents involved here. The DEA must move to quash on its own.

The government quibbles with the service of the subpoena. The subpoena is directed to the "Custodian of Property", an agent unknown to the defense, and SA Kleckowski accepted the subpoena upon service identifying himself as the resident agent in charge. The service was proper and sufficient.

The government complains that the items should perhaps be subpoenaed at the time of trial or just prior to being offered into evidence. The problem with this argument is that these items, Mr. Falcon's three televisions and his son's Playstation video game system, are not evidence. They were not objects of the warrant and were not used in the commission of any crime.

The government, citing its response to Mr. Falcon's motion to restore property, argues that a motion to restore property is not the proper vehicle to contest a forfeiture proceeding. The government's response to Mr. Falcon's motion, however, was rejected by the Court for a filing error and therefore is not properly part of the record. More importantly, filing issues aside, a forfeiture proceeding assumes that the government has lawful possession of the contested items to begin with; here they do not. Mr. Falcon's motion seeks to secure property that is rightfully his. A forfeiture proceeding, when appropriately used, allows the government to gain ownership of property used to facilitate a crime. The DEA had no lawful basis for the seizure of these items and that is why they should be returned forthwith.

The government, complains of the inconvenience and necessity of the items presence in the Court for the hearing. The agents who went into Mr. Falcon's home clearly did not share these concerns when they removed the televisions from the walls and took them from the apartment. The DEA is responsible for this property and keeping it safe from damage. If damaged, the DEA is liable not only to Mr. Falcon, but also to the "Best Buy" chain which maintains a security interest in one of the televisions which Mr. Falcon bought on credit. The DEA (and the government) accepted responsibility for these items when they took possession. The government cannot now complain that it lacks the capacity to adequately care for, transport, and protect the property.

Lastly, the government states that the property is of little relevance to the legal issues raised in Mr. Falcon's motion. This comment harkens to the Wizard telling us not pay attention to the man behind the curtain. The televisions and the video game are the objects of the motion. The Court cannot fully grasp the absurdity of the agents' actions in this case without being able to see the televisions, the brackets pulled out of the walls, and a little boy's video game.

For all of these reasons the Court should enforce the subpoena.

Respectfully submitted
Timothy Falcon
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on November 1, 2007.

/s/ Kevin J. Fitzgerald